**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2146
_____

KENNY CLYDE HOMER BEVARD,
Appellant

v.

WARDEN COLEMAN USP
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-21-cv-02410)
District Judge: Honorable Reneé M. Bumb

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2023
Before: KRAUSE, SCIRICA, and AMBRO, <u>Circuit Judges</u>

(Opinion filed: March 27, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Kenny Clyde Homer Bevard appeals from the District Court's denial of his habeas corpus petition under 28 U.S.C. § 2241. For the following reasons, we will dismiss the appeal in part and otherwise affirm the District Court's judgment.

On January 20, 2016, the United States District Court for the Southern District of Iowa imposed on Bevard an 86-month term of imprisonment for possessing a stolen firearm, and a 21-month term for violating supervised release, for a total of 107 months. The court ordered the two terms to run consecutively and that Bevard's federal sentence run consecutive to a five-year state sentence imposed in the Iowa state court, which he was already serving. Except for his brief escape in April 2014, Bevard had been in the custody of state or federal officials since January 21, 2014.

In 2021, Bevard, who had finished serving his state sentence and was in federal custody at FCI-Fairton in New Jersey, filed a § 2241 petition in the United States District Court for the District of New Jersey challenging the calculation of his federal sentence. Specifically, Bevard claimed that the BOP had not properly credited the time he spent incarcerated from January 21, 2014, until August 11, 2016—the date of his federal sentence commitment. As it turns out, he was partially correct. In preparing a response to the § 2241 petition, the BOP updated his federal sentence computation to include custody credit from January 21, 2014, through April 16, 2014, and July 19 through July 20, 2016, because that time in custody had not been applied to any sentence. It also now recognized that Bevard had been in exclusive federal custody on an earlier day (July 18, 2016). Nevertheless, because Bevard's federal sentence ran consecutive to his state sentence, he did not otherwise earn custody credit while in state custody. If he earned all

2

available good time credit, the BOP projected Bevard's release date to be January 9, 2024. The District Court accepted the Government's computation and denied Bevard's § 2241 petition. He filed a timely notice of appeal.

On appeal, Bevard appears to have conceded that his state and federal sentences ran consecutively but argued that the BOP had not properly accounted for his federal custody between April 5, 2016, and August 1, 2016. In support, he submitted an "Offender Movement Summary" issued by the Iowa Department of Corrections which showed that Bevard was paroled to the U.S. Marshal Service on May 5, 2016. In light of that document, the BOP once again revised its sentence computation to reflect that Bevard entered exclusive federal custody on May 5, 2016 (rather than July 18, 2016).[1] It likewise adjusted his projected release date to November 22, 2023, if he receives all available good time credit. See 3d Cir. Dkt. no. 7 at 4. The Government filed a brief opposing Bevard's appeal on exhaustion, waiver, and mootness grounds. The time for Bevard to file a reply brief has now passed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review factual findings for clear error. See Cradle v. United States ex rel. Miner, 290, F.3d 536, 538 (3d Cir. 2002) (per curiam). Considering that the BOP has already revised its computation to incorporate May 5, 2016, as the date he was paroled to federal custody and that he has

---

[1] The Government maintains that Bevard's use of "April 5, 2016" is a typographical error, because the document he submitted shows that he was paroled to exclusive federal custody on "May 5, 2016".

remained in federal custody ever since, there is no relief for the Court to grant in this appeal. See Blanciak v .Allegheny Ludlum Copt., 77 F.3d 690, 698-99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot"). To the extent that Bevard intended to argue that he is entitled to a custody credit between April 5 and May 5, 2016, we will affirm the judgment because evidence in the record before the District Court supports the BOP's assertion that Bevard entered federal custody on May 5, 2016. See ECF No. 3-4 at 11; No. 7 at 13, 17; see also United States v. Schneider, 801 F.3d 186, 201 (3d Cir. 2015) (explaining that we may affirm the District Court for any reason supported by the record).

Accordingly, we will partially dismiss the appeal as moot, and will otherwise affirm the judgment of the District Court.